**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 24 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAYMOND HAMEL PIERSON III, pro se, | No. 21-15220 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-00124-TLN-KJN |
| v. | |
| SUTTER HEALTH; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted May 17, 2022[**]

Before:    CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Raymond Hamel Pierson III appeals pro se from the district court's

judgment in his action alleging federal and state law claims arising out of the

temporary suspension of his hospital admitting privileges.  We have jurisdiction

under 28 U.S.C. § 1291.  We review de novo a dismissal for failure to state a claim

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Pierson's request for oral argument, set forth in the opening brief, is denied.

under Federal Rule of Civil Procedure 12(b)(6). *Puri v. Khalsa*, 844 F.3d 1152, 1157 (9th Cir. 2017). We affirm.

Because Pierson fails to raise a meaningful challenge to the district court's dismissal of his claims against Sutter Health, any such challenge is waived. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[W]e will not consider any claims that were not actually argued in appellant's opening brief."); *Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1993) (issues not supported by argument in pro se appellant's opening brief are waived).

The district court properly dismissed Pierson's claims against the unserved defendants. *See Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981) ("A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related.").

The district court did not abuse its discretion in denying Pierson leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and stating that leave to amend may be denied where amendment would be futile). Contrary to Pierson's contention, Pierson is not entitled to amend as a matter of course because more than 21 days have passed since Pierson was served

with Sutter's motion to dismiss. *See* Fed. R. Civ. P. 15(a)(1)(B).

The district court did not abuse its discretion in denying Pierson's motion for post-judgment relief because Pierson failed to demonstrate any basis for relief. *See* Fed. R. Civ. P. 59(e); *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) (setting forth standard of review and discussing factors for granting a motion for reconsideration under Rule 59(e)).

The district court did not abuse its discretion in denying Pierson's request for electronic filing privileges. *See* E.D. Cal. R. 133(b) (explaining electronic filing rules and exceptions); *Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007) (setting forth standard of review and stating that "[b]road deference is given to a district court's interpretation of its local rules").

Contrary to Pierson's contention, Pierson was properly served with the motion to dismiss. *See* Fed. R. Civ. P. 5(b)(2)(C) (service by mail at a person's last known address is "complete upon mailing"); *S. Cal. Darts Ass'n v. Zaffina*, 762 F.3d 921, 928 (9th Cir. 2014) (service is not necessarily deficient "even if it is assumed that, for some reason, the motion was not ultimately conveyed to" the intended recipient).

We reject as meritless Pierson's contention that service was invalid under California's Code of Civil Procedure and that the district court failed to construe his pro se filings liberally.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Pierson's requests for sanctions and declaratory relief, set forth in the opening and reply briefs, are denied.

**AFFIRMED.**

21-15220